UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SYLVESTER E. BLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Cause No.: 1:02-CR-93 |
| v. | ) | (1:05-CV-140) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before the court on the Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. The motion was filed by Petitioner Sylvester Bland on April 26, 2005. Petitioner is proceeding *pro se*. On May 2, 2005, the government filed a motion for extension of time in which to file a response to Bland's motion. In its motion, the government stated that it would need thirty (30) days from the date it received transcripts of the plea hearing and sentencing hearing in this case in which to file an adequate response. The government's motion was granted, also on May 2. On August 8, 2005, the government filed a response to Bland's motion. The government had not received the transcripts it requested, but said that the transcripts were no longer necessary in light of a letter received from Bland on August 8, 2005 (which was filed of record in this case on August 18–see Docket at 74). Also on August 18, 2005, Bland filed a document entitled "Response to the Government's Response to Petitioner's § 2255 Motion [and] Motion to Produce Plea Tsp [sic]."

Having reviewed all the pleadings submitted by Bland and the response filed by the government, the court finds that Bland's motion is untimely and is therefore DENIED.

**DISCUSSION**

In his original motion, Bland states that he "is in the process of serving an illegal sentence that was enhanced on the basis & use of: mandatory enhancements that were applied in violation of the 6th Amendment of the United States Constitution. . . ." Motion, p. 6. Bland also states that he is "serving an illegal sentence under United States v. Booker . . . ." *Id*. Bland then goes on for many pages in his motion discussing the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). Finally, near the end of his motion, Bland writes as follows: "Petitioner prays that this Court use the post-Booker criteria to reduce the petitioner's sentence." Motion, p. 11. Accordingly, it is clear that the *Booker* decision motivated Bland to file the present motion under § 2255, and that he is asking to be resentenced in this case.

In addition to his apparent *Booker* challenge, Bland also made reference in his motion to ineffective assistance of counsel claims. First, he argues that his trial counsel was ineffective for having failed to raise objections to Bland's Presentence Investigation Report challenging certain enhancements imposed on him (i.e., for not having made "*Booker* objections" apparently, even though *Booker* had not been decided at the time Bland was sentenced). He also claims his trial counsel was ineffective for not having filed a notice of appeal in this case, after Bland says he told his attorney that he wanted an appeal notice filed. *Id*., p. 6.[1] Finally, Bland makes reference

---

[1] It is this argument about the lack of an appeal that led the government to request additional time to respond to Bland's motion and, likewise, the government's request for transcripts in this case. Bland argues that he did not waive his right to appeal his sentence or, if he did waive such right, the waiver was not entered into voluntarily and knowingly. The government stated that it needed to obtain transcripts from Bland's plea hearing and his sentencing, presumably in order to establish that Bland's waiver of his right to appeal was in fact voluntary. The waiver of the right to appeal, or the right to challenge his sentence under § 2255,

to the alleged ineffectiveness of his appellate counsel.  Bland states that "appellate counsel was US Constitutionally ineffective [sic] for not raising this ground citing trial counsel for US Constitutionally ineffectiveness [sic]."  *Id.*[2]

As stated above, on August 8, 2005, the court received a letter from Bland.  That letter, dated August 1, 2005, stated in relevant part as follows:

> I write this letter to you in connection with the 2255 motion that I filed in April 2005.  I wish for it to be clearly understood that I am not in any way or form challenging or fighting the ruling or the sentence that was handed down.  I am however pleading for the mercy of the prosecutor and the judge to reconsider the five year sentence on the drugs. . . . I would greatly appreciate your gracious and merciful consideration in the reduction of my sentence to prove that I have been rehabilitated to the point that I am ready to return to society and follow the laws completely.

Letter from Petitioner, Docket at 74.  Bland stated in that letter that he had also sent a copy to the Assistant United States Attorney who was responsible for the prosecution of this case.  Once she received that letter, the AUSA proceeded to file her brief in response to Bland's motion, in which she indicated that the government no longer felt that it was imperative to wait for the production of any transcripts, since in his letter Bland very clearly "states that he is not challenging the ruling or sentence that was given . . . ."  Government's Response to Bland's §

---

appears in the Plea Agreement which was signed by Bland, his counsel, and the attorney for the government and filed in this case on May 30, 2003.  See Docket at 51, Plea Agreement, p. 7.  Still, given Bland's attempt to argue that his waiver of those rights was somehow not voluntary, the government originally intended to obtain the transcripts of the relevant hearings during which Bland acknowledged in open court that he understood and agreed with the terms of his Plea Agreement, including his waiver of the right to appeal or otherwise challenge his sentence.

[2]  The record does not reflect that any appeal was ever taken in this case.  Therefore, Bland's reference to "appellate counsel" and his or her "ineffectiveness" is confusing.  However, this does not matter in light of the reasons for the denial and dismissal of Bland's motion, as explained in this Order.

3

2255 Petition and Letter, p. 3.  The government then argues in its response that Bland's § 2255 Petition is untimely and, to the extent the issue is even present, he waived his right to even file a § 2255 motion.  Notwithstanding his letter dated August 1, 2005, Bland then proceeded to file his further response on August 18.  In that pleading, Bland first asks the court to provide him with a copy of the transcript from his plea hearing.  He argues, once again, that this is necessary because his appeal waiver "was unknowing, unintelligent [and] involuntary, assuming arguendo that there was a waiver."  Response to the Government's Response, p. 1.  Bland then goes on to argue that he should have a right to appeal his sentence (or, presumably, a right to file this untimely § 2255 motion) "based on new rights issued in supreme court decisions."  *Id.*, p. 3.  Finally, Bland argues that since the Supreme Court's decision in *Booker* was "new law," he should be able to file an appeal or file this present motion, and that he is entitled to be resentenced.  *Id*.

The government is correct in its position that this motion is untimely and Bland is mistaken in his interpretation of the impact of *Booker*.  The limitations period under 28 U.S.C. § 2255 provides for a one-year period of limitation running from the "date on which the judgment of conviction becomes final."  While the statue does not expressly state when a judgment of conviction becomes "final," it has been held that where a defendant does not pursue a direct appeal, his conviction becomes final on the date the judgment of conviction is filed.  *Gendron v. United States*, 154 F.3d 672 (7th Cir. 1998).  In this case, then, Bland's conviction was final on August 29, 2003, the day he was sentenced *and* the day the judgment and commitment order was filed.  Therefore, Bland had until August 29, 2004, to file a motion under § 2255 even if he had *not* waived his right to do so.  Obviously, then, the present motion is untimely.  And, as for

4

Bland's argument that *Booker* constitutes "new law" and should therefore provide him some sort of tolling of the limitations period, this argument is misplaced.  While it is true that § 2255 contains a provision that the one-year limitation period may not begin to run until "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[;],"[3]  this does not save Bland's untimely motion.  The courts have held that *Booker* is not retroactive on collateral review.  *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005); see also, *Green v. United States*, 397 F.3d 101, 2005 WL 237204 at * 1 (2nd Cir. Feb. 2, 2005).  In fact, the Seventh Circuit expressly held in *McReynolds* that "[w]e conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005."  *McReynolds*, 397 F.3d at 481.  Accordingly, because the Supreme Court has not made *Booker* retroactive to criminal cases that became final prior to its issuance, Bland cannot rely on any extended limitations period to justify filing the present motion 20 months after his judgment became final.

## CONCLUSION

For the reasons set forth herein, the Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by Petitioner Sylvester Bland is DENIED and this case is DISMISSED.

Dated: August 30, 2005.

/s/   William C. Lee

---

[3]  28 U.S.C. § 2255(3).

5

                                                William C. Lee, Judge  
                                                United States District Court