UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| SYLVESTER E. BLAND, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | Cause No.: 1:02-CR-93 |
| v. | ) | (1:05-CV-140) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**ORDER**

This matter is before the court for resolution of the Motion for Certificate of Appealability filed by the Petitioner, Sylvester E. Bland ("Bland"), on September 12, 2005, and Bland's Motion to Proceed *In Forma Pauperis*, filed on that same date.[1]  For the reasons stated herein, both of Petitioner's motions are DENIED.

**DISCUSSION**

On April 26, 2005, Bland filed a Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  The court denied the motion in a written Order entered on August 30, 2005.  Docket at 76.  Bland now seeks a Certificate of Appealability and permission to proceed *in forma pauperis* to enable him to appeal the denial of his § 2255 motion to the Seventh Circuit Court of Appeals.

---

[1] Bland actually titled his filing as "Notice of Appeal," "Motion for Certificate of Appealability," and "Motion to Proceed *In Forma Pauperis*."  Generally, once a Notice of Appeal is filed, a district court is divested of jurisdiction in a case.  However, in the case of certificates of appealability, the Seventh Circuit, notwithstanding the filing of a Notice of Appeal, generally remands the case to the district court for a determination of whether a certificate should be issued.  *See Williams v. United States*, 150 F.3d 639  (7th Cir. 1998) ("Circuit Rule 22.1(b) instructs litigants [seeking a certificate of appealability] to go to district courts first, and initial application to the district judge is good practice[.]").  Accordingly, the court will rule on Bland's motions.

Pursuant to 28 U.S.C. § 2253, a prisoner seeking appellate review of a district court's denial of a § 2255 motion must obtain a certificate of appealability. 28 U.S.C. § 2253(c)(1). Seventh Circuit Rule 22.1, which addresses certificates of appealability, states in relevant part:

> The procedures of Fed.R.App.P. 22(b) apply to requests for certificates of appealability in actions under 28 U.S.C. § 2255....A district judge who concludes that the amendments to 28 U.S.C. § 2253(c) prevent that court from acting on the request for a certificate of appealability should nonetheless state how the judge would have ruled, were the court authorized to take dispositive action.

Circuit Rule 22.1(a) and (c). Thus, it falls to this court to determine whether a certificate of appealability should issue in the present case.

Section 102 of the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") provides that a Certificate of Appealability may be issued only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. 2253. The Seventh Circuit has held that "the new § 2253 does not make it substantively more difficult to get a COA than it was to get a CPC." *Porter v. Gramley*, 112 F.3d 1308, 1312 (7th Cir. 1997) (citation omitted). "A petitioner...must still demonstrate that an issue is debatable among jurists of reason or that the questions 'deserve encouragement to proceed further.'" *Id.* (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 3394-5 & n.4 (1983)).

The standard for determining whether to issue a certificate of probable cause (and now by analogy a certificate of appealability) has been set forth by the United States Supreme Court as follows:

> [P]robable cause requires something more than the absence of frivolity [and] the standard [for issuance of a certificate of probable cause] is a higher one than the 'good faith' requirement

2

> of § 1915....[A] certificate of probable cause requires petitioner to make a 'substantial showing of the denial of a federal right....'Obviously the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor. Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are 'adequate to deserve encouragement to proceed further.'

*Id.* (internal quotations and citations omitted).

In this case, given the discussion in this court's August 30, 2005, Order, it cannot be said that the issues presented are debatable among jurist of reasons or that the questions presented in the petition (or the present request for review) are adequate to deserve encouragement to proceed further.

The court determined, as explained in that Order, that Bland's petition under § 2255 was time barred by the one-year limitation period in the AEDPA. Bland had argued that his sentence violated his Sixth Amendment rights in light of the U.S. Supreme Court's decision in *United States v. Booker*, 543 U.S. ___, 125 S.Ct. 738 (2005). The court pointed out that *Booker* was decided several years after Bland was sentenced and, in any event, was held not to be retroactive in the case of *McReynolds v. United States*, 397 F.3d 479 (7th Cir. 2005). Notwithstanding this explanation, Bland contends in his present motion that he should be permitted to appeal the court's Order because "new case law from the US [sic] Supreme Court . . . appear[s] to overrule *McReynolds* . . . ." Motion, p. 1. *McReynolds* has not been overruled and so Bland's motion for Certificate of Appealability must be denied. Since Bland's request for a Certificate of Appealability is denied, so too is his motion to proceed *in forma pauperis* on appeal.

3

**CONCLUSION**

For the foregoing reasons, the Motion for Certificate of Appealability and the Motion to Proceed *In Forma Pauperis* filed by Petitioner Sylvester Bland on September 21, 2005, are both DENIED.

Dated: September 23, 2005.

                                            /s/   William C. Lee
                                                      William C. Lee, Judge
                                                  United States District Court